**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEBRA L. TALBOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-05-285-T |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) and disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act.   This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

### PROCEDURAL HISTORY

Plaintiff filed her applications for SSI and DIB alleging a disability since May 19, 1999 (TR. 621-622).   The applications were denied on initial consideration and on reconsideration at the administrative level.   Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on June 11, 2002 and a supplemental hearing held on October 8, 2002 (TR. 670-707, 708-730). The ALJ issued his decision on November 19, 2002 finding that Plaintiff was not entitled to DIB or SSI (TR. 509-514). By order of the Appeals Council the case was remanded on March 6, 2003 for further development (TR. 517-519). A second hearing was held before a different ALJ on October 21, 2003 (TR. N731-764). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the applications (TR. 734-760).   A

vocational expert (VE) testified at the request of the ALJ (TR. 760-763). The ALJ issued his decision on December 10, 2003 finding that Plaintiff was not entitled to DIB or SSI (TR. 17-23). The Appeals Council denied the Plaintiff's request for review on January 19, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 9-11).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 22). At step two, the ALJ concluded that the Plaintiff has the severe impairments of degenerative joint disease, a meniscal tear of the left knee, recurrent major depression, and a panic disorder without agoraphobia (TR. 19). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22). At step four, the ALJ found that Plaintiff retained

the residual functional capacity (RFC) to perform her past relevant work (PRW) as a cashier and a fast food worker (TR. 22). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 23).

On appeal to this Court, Plaintiff alleges that (I) the ALJ failed to comply with the Appeals Council's Remand Order; that (II) the ALJ erred in his credibility analysis; (III) and the ALJ erred in determining Plaintiff's RFC;

**Medical Evidence**

In June 2000 Plaintiff was examined by Stephen K. Ofori, M.D. (neurosurgeon) who observed that Plaintiff's range of motion was slightly restricted in left and right lateral turning; that there was minimal tenderness on palpation of the cervical paravertebral muscles; and that Plaintiff's lumbosacral range of motion was slightly restricted in flexion, extension and left and right lateral turning (TR. 107-108). Dr. Ofori also observed that there was mild to moderate tenderness on palpation of the lumbar paravertebral muscles; that the straight leg raising test was positive at 60 degrees on both the left and the right side with the patient lying supine; that there was normal motor strength in the lower and upper extremities; and that there were no focal sensory deficits in the lower and upper extremities (TR. 107). Dr. Ofori recommended that Plaintiff continue her physical therapy treatments and noted that physical therapy had improved her neck and upper extremity symptoms considerably (TR. 108, 107).

In September 2000 Plaintiff was examined by Donald M. Baldwin, M.D. (orthopedic surgeon), who noted that Plaintiff was able to move her leg fairly freely in the waiting room; that she had an exaggerated "touch me not" demeanor with regard to the knee; and that despite the complaints of extreme pain, Plaintiff left the examination room carrying a heavy backpack on the affected side (TR. 322).

In October 2000 Plaintiff underwent a consultative examination performed by Jesse G. Sullivan, M.D., who found that Plaintiff had an "unusually limited range of motion in her back"; that her upper extremities showed normal range of motion; that she was well-muscled; and that her grip strength was normal (TR. 136). Dr. Sullivan also found that Plaintiff's deep tendon reflcexes were normal (TR. 136). Dr. Sullivan concluded that Plaintiff was exaggerating both her limited range of motion in her back and her back pain (TR. 136).

Treatment records from James B. Sackelford, M.D., at Chisholm Trail Counseling Services show that from January through August 2000 Plaintiff was consistently diagnosed with major depression, recurrent, and panic disorder without agoraphobia; and that she was given a GAF score of either 60 or 55 [1] (TR. 204, 203, 202, 201, 200). Dr. Shackelford reported that Plaintiff was anxious and somewhat tearful; that her speech was clear and goal directed; that her thoughts were orderly; that her logic and reasoning were intact; and that her psychomotor activity was within normal limits (TR. 203, 202, 201, 200).

In May 2001 Plaintiff was examined by Michael L. Oliver, D.O., who found that Plaintiff had normal range of motion in all four extremities; that her muscle and grip strength was 5/5; and that extension of her knees was quite uncomfortable (TR. 223). Dr. Oliver also found that Plaintiff was alert and oriented; that her deep tendon reflexes were 2+/4 in all extremities; and that no sensory deficits were noted (TR. 224). Dr. Oliver reported that Plaintiff's gait was stable at a normal speed without the use of any assistive devices for ambulation; and that her heel and toe walking was

---

[1] A Global Assessment of Functioning or GAF represents Axis V of the Multiaxial Assessment system. A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30. The GAF score is taken from the GAF scale which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 32. The GAF scale defines the range from 51-60 as follows: Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or Moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with co-workers).

normal (TR. 224). As to Plaintiff's mental status, he reported that she had a "slightly exaggerated affect (TR. 224). Dr. Oliver's assessment included chronic knee pain; generalized musculoskeletal pain of the low back, neck, hips, legs and arms; probable chondromalacia patellae; pes anserine tendonitis; migraine cephalgia; and depression (TR. 224).

In June 2001 Plaintiff underwent a consultative mental status examination performed by Robert Danaher, Ph.D. (clinical psychology), who found that Plaintiff was alert and oriented; that her speech was logical and fully intelligible though she frequently rambled and had a difficult time organizing her thoughts (TR. 229). Dr. Danaher also found that Plaintiff's remote and immediate memory was intact; and that her fund of information was fairly well developed (TR. 232). Dr. Danaher's diagnosis was of depressive disorder NOS and he assessed her as having a GAF score of 55 (TR. 234).

In October 2000, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, climb, balance, stoop, kneel, crouch, and crawl only occasionally, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 281-282). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 281-285). A June 2001 RFC assessment completed by agency physicians reached the same conclusions except that no postural limitations were established (TR. 288-295).

In October 2001 an agency psychologist completed a Psychiatric Review Technique (PRT) in which she concluded that Plaintiff suffered from no more than mild functional limitations in her activities of daily living; mild limitations in maintaining social functioning; mild limitations in maintaining concentration, persistence or pace; and no episodes of decompensation (TR. 306).

### Hearing Testimony

Plaintiff testified that she has pain "everywhere"; that she has muscle spasms in her lower

back every day; and that the pain in her right knee is constant (TR. 741, 743). She testified that she takes pain medication and that the medication seems to help the pain (TR. 750).  She also testified that the medication she takes for depression and anxiety does not help the conditions (TR. 751).  Plaintiff stated that she could not walk even half a block; that she could only sit for five minutes at a time; and that she could only stand for fifteen minutes (TR. 755). Plaintiff testified that she could lift only 10-15 pounds; and that there were no serious side effects from her medication (TR. 755, 757).  As to her activities, Plaintiff stated that gets her youngest daughter off to school; does light housework; and that she leaves the house only once a week to go grocery shopping (TR. 757, 753).

# I.

Plaintiff argues that the ALJ erred by failing to comply with the Appeals Council's Remand Order (See Plaintiff's Brief at page 1).  Plaintiff's appeal is taken not from the Appeals Council's earlier order of remand but from the later decision of the ALJ denying Plaintiff's applications. The ALJ's decision became the Secretary's final decision when the Appeals Council denied review. (See 20 C.F.R. 404.981; 42 U.S.C. 405(g);  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)). Thus, Plaintiff's argument is without merit and warrants no further discussion.

# II.

Plaintiff argues on appeal that the ALJ erred in evaluating her credibility (See Plaintiff's Brief at pages 13-14). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c) , 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163.  Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any

objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing a meaningful discussion of the evidence which linked specific evidence to his findings (TR. 19-20, 22).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain.

7

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## III.

Plaintiff also alleges that the ALJ erred by not properly evaluating her RFC (See Plaintiff's Brief at pages 15-20). The ALJ found that Plaintiff had the RFC for

> A full range of light work. Specifically, in addition to the limitations inherent in light work, the claimant is unable to climb ladders or stairs; and is limited to occasional stooping, kneeling, and crouching. She is able to remember and understand only very short and simple instructions and carry out only simple routine tasks. Finally, the claimant is limited to the performance of simple and unskilled one-two step repetitive tasks

(TR. 21). As previously discussed, the medical record does not support the degree of pain and limitation claimed by Plaintiff.

The ALJ's RFC takes into account Plaintiff's mental limitations which are established by the medical evidence. An ALJ need not include in the RFC assessment limitations unsupported by the medical record. *Qualls* at 1372.

Plaintiff argues that the ALJ erred in failing to mention and discuss Plaintiff's GAF scores (See Plaintiff's Brief at pages 16-17). Plaintiff does not mention what affect, if any, the scores would have on Plaintiff's RFC as determined by the ALJ. The ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate. *Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002).

Plaintiff also argues that the ALJ failed to consider treatment records from the Chisholm Trail Counseling Services in which Plaintiff's treating physician, Dr. Shackelford, repeatedly diagnoses Plaintiff with major depression, recurrent and panic disorder without agoraphobia (See Plaintiff's Brief at pages 16-19). On the contrary, the ALJ's step two finding mirrors Dr. Shackelford's diagnosis (TR. 19, 405). Since the ALJ accepted the treating physician's diagnosis, a more detailed analysis was not required. *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

Plaintiff also urges that the ALJ failed to consider the effect that Plaintiff's obesity had in combination with her other impairments (See Plaintiff's Brief at pages 19-20). Plaintiff fails to describe how her obesity is distinguishable from her degenerative joint disease. Plaintiff also fails to show, or even argue, that her obesity causes functional limitations more severe than the impairments the ALJ found severe at step two. *Howard* at 948.

Thus, the ALJ's RFC determination is supported by substantial evidence and should not be disturbed on appeal.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make

timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 13th day of February, 2006.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE