IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA L. TALBOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-285-T |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Findings and Recommendation issued pursuant to 28 U.S.C. § 636(b)(1)(B), in this action under 42 U.S.C. § 405(g). United States Magistrate Judge Shon T. Erwin recommends affirmance of a final decision of the Commissioner of Social Security denying Plaintiff's applications for disability benefits. Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of specified findings or recommendations to which objection is made, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's one-page objection simply "adopts and realleges all assertions as contained in his [sic] brief filed herein in support of reversing and remanding the administrative law judge's decision." (Pl.'s Objection, at 1.) The court of appeals has adopted a "firm waiver" rule that requires a specific objection; Plaintiff's vague incorporation of all arguments in her initial brief is insufficient to preserve a particular issue for further review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by

the district court"); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule).

The only specific challenge to Judge Erwin's analysis is: "The Magistrate disregarded the Plaintiff's argument that the ALJ failed to comply with the Appeals Council's Remand Order." (Pl.'s Objection, at 1.) On this point, the Court fully agrees with Judge Erwin that this argument merits no discussion. The court of appeals has expressly rejected a similar argument for reasons this Court finds persuasive:

> Plaintiff's challenge to the ALJ's adherence to the Appeals Council's remand order is not cognizable by this court. By statute, our jurisdiction extends only to the Commissioner's final decision, which in this case is the ALJ's second decision. *See* 42 U.S.C. § 405(g); *see also Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992). Plaintiff does not argue that the ALJ failed to adhere to a legal requirement to obtain additional medical evidence in reaching her second, final decision, but only that the ALJ did not follow the Appeals Council's direction. Therefore, plaintiff's first issue is not within our jurisdiction.

*Gallegos v. Apfel*, No. 97-2267, 1998 WL 166064, *1 (10th Cir. April 10, 1998); *see also Miller v. Barnhart*, 43 Fed. App'x 200, 203 (10th Cir. 2002) ("Under the express language of § 405(g) and (h), our jurisdiction extends only to the final decision of the agency . . . .").[1]

The question before this Court is whether the ALJ's second decision, which became final upon the Appeals Council's denial of review, is "supported by substantial evidence in the record as a whole and whether the correct legal standards were applied." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). In this regard, Plaintiff states only general objections that the ALJ "erred in his credibility analysis" and "erred by formulating claimant's residual functional capacity assessment." (Pl.'s Objection, at 1.) As explained above, these statements lack sufficient specificity to preserve any issue for further review. In an abundance of caution, however, the Court has

---

[1] Unpublished decisions cited in compliance with Tenth Circuit Rule 36.3(b)(1).

reviewed Judge Erwin's discussion and the record regarding these issues, which concern the ALJ's assessment of subjective complaints of disabling pain and the ALJ's formulation of residual functional capacity without specifically referring to Plaintiff's claimed mental impairments (low GAF scores and mental health treatment) and her obesity.  The Court finds Judge Erwin's analysis to be correct.  Plaintiff has failed to demonstrate that the ALJ erred in his determination of these issues.

For these reasons, the Court adopts Judge Erwin's Findings and Recommendation [Dkt. 17]. The Commissioner's decision is AFFIRMED.  Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of March, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE